NORRIS (GALE v.). See Case No. 5,190.

NORRIS (GOODRICH v.). See Case No. 5,545.

─────

## Case No. 10,306.

### NORRIS et al. v. The ISLAND CITY.

### NEMON v. SAME.

[1 Cliff. 219.][1]

Circuit Court, D. Massachusetts. May Term, 1859.

SALVAGE—SERVICE—COMPENSATION.

1. A dismasted bark, without rudder, having no anchor attached to her chain, in a severe storm, was taken by a schooner to a safer position and there left; and upon the arrival of the schooner in port, intelligence of the condition of the bark was transmitted to the owners. The bark was saved by another vessel. *Held*, that the services of the schooner entitled her to a liberal compensation.

[Cited in The Blackwell, 10 Wall. (77 U. S.) 12; The Sabine, 101 U. S. 387.]

2. The duration of the schooner's service was twenty-four hours: her value, with her cargo, $8.500: the vessel relieved by her was worth $70.000. Salvage compensation decreed to libellants and petitioners in this case, $3,300.

[Cited in The Camanche, 8 Wall. (75 U. S.) 475.]

This was a libel [by John Norris and others] claiming salvage compensation for services rendered by the schooner Kensington to the bark Island City, and was like Adams v. The Island City [Case No. 55], certified to this court. The nature of the service is sufficiently set forth in the report of that cause. A few days after the libel was filed, William C. Norton et al., as owners of the schooner, filed their petition to become parties to the libel. It appeared that the Kensington was worth about $8,500.

─────

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

H. A. Scudder, for Norris et al., cited The Henry Ewbank [Case No. 6,376]; Tyson v. Prior [Id. 14,319]; Rowe v. The Brigg [Id. 12,093]; The Aid, 1 Hagg. Adm. 84; The London Merchant, 3 Hagg. Adm. 395; The Emblem [Id. 4,434].

Hutchins & Wheeler, for Norton et al.

The salvage service of the Kensington was effectual and complete. The bark was taken from a position of the greatest danger to a place where she securely remained until taken in tow by the Forbes. But for the Kensington she would not have been saved. Sending the telegraphic despatch was a salvage service. The Ocean, 2 W. Rob. Adm. 92. The Kensington and her crew were the principal original salvors, and their rights should not be impaired by the conduct of those on board the Forbes in placing the Island City a second time in a place of peril. Success is not absolutely necessary to entitle salvors to compensation; if they contribute to success, they are entitled to salvage. As to amount of salvage to be allowed in the case, 3 Kent, Comm. (5th Ed.) pp. 245, 246, note b; Mason v. The Blaireau, 2 Cranch [6 U. S.] 240; Tyson v. Prior, [supra]; Bond v. The Cora [Case No. 1,621].

B. R. Curtis and William Dehon, for claimants.

CLIFFORD, Circuit Justice. Salvage is the compensation allowed to persons by whose assistance a ship or its cargo has been saved, in whole or in part, from impending peril on the sea, or in recovering such property from actual loss, as in cases of shipwreck, derelict, or recapture. When the property is not saved, or if it perish, or, in case of capture, is not retaken, no such compensation can be allowed. A different principle, however, applies when the property is actually saved, and more than one set of salvors have contributed to the result. In such cases, all who have engaged in the enterprise, and have materially contributed to the saving of the property, are entitled to share in the reward which the law allows for such meritorious service, and in proportion to the nature, duration, risk, and value of the service rendered. Applying these principles to the case under consideration, it is impossible to say that the schooner did not materially contribute to the saving of all the property which constitutes the subject of controversy at the present time. All the evidence shows that the bark, when she was relieved by the schooner, was in great peril. She was dismasted and without any rudder, and was in fact lying without any anchor attached to her chain. Lying in that condition in a severe storm, she was relieved by the voluntary efforts of the officers and crew of the schooner, placed in a safer position. and intelligence transmitted to her owners. These were valuable services, and fully entitled

those who performed them to a liberal compensation. Considering that the duration of the service did not much exceed twenty-four hours, and that the value of the schooner and her cargo was much less than that of either of the steamers, her share of the amount allowed as salvage ought to be less. It has already been determined that the property is liable to pay a salvage compensation to the amount of thirteen thousand dollars. Of that amount the libellants and petitioners in this case are entitled to the sum of three thousand three hundred dollars, to be apportioned one third to the owners of the vessel, and the remaining two thirds to the officers and crew.

[For other libels for salvage services rendered to the bark Island City, see Cases Nos. 55 and 3,410.]